IN THE COUNTY COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

Case No.: 2021-CC-3204

**MICHAEL FREND,**

    **Plaintiff**

vs.

**I.C. SYSTEM, INC.,**

    **Defendant.**

_____/

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, I.C. SYSTEM, INC. ("Defendant" and/or "ICS"), and files this Answer and Affirmative Defenses to the Plaintiff's Complaint and states:

**JURISDICTION AND VENUE**

1. Admitted for jurisdictional purposes only, otherwise, denied.

2. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

3. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

4. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

## PARTIES

5. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

6. Defendant admits it is a corporation organized under the laws of Minnesota with a principal place of business located at 444 Highway 96 East, St. Paul, MN 55127. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

7. Defendant admits that Plaintiff demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

9. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

10. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

11. Defendant admits it is in the business of collecting, or attempting to collect, directly or indirectly, delinquent financial obligations owed or due, or asserted to be owed or due, to another. Otherwise, Defendant is without sufficient

information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

12. Defendant admits it is in the business of collecting, or attempting to collect, directly or indirectly, delinquent financial obligations owed or due, or asserted to be owed or due, to another. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

13. Defendant admits it is in the business of collecting, or attempting to collect, directly or indirectly, delinquent financial obligations owed or due, or asserted to be owed or due, to another. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

14. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Plaintiff does not make any claim against Defendant related to its status with the Florida Office of Financial Regulation. As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

15. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." *Id.* Plaintiff does not make any claim against Defendant related to its status with the Florida Office of Financial Regulation. As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

16. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Plaintiff does not make any claim against Defendant related to maintaining records in accordance with Rule 69V-180.080, Florida Administrative Code. As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

17. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Plaintiff does not make any claim against Defendant related to maintaining records in accordance with Rule 69V-180.080, Florida Administrative Code. As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to

form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

18. Defendant admits it is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

19. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant admits this paragraph to the extent Plaintiff's "Exhibit A" speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

27. Defendant admits this paragraph to the extent Plaintiff's "Exhibit A" speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

28. Denied.

29. Denied.

30. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Plaintiff does not make any claim against Defendant related to its status with the Florida Office of Financial Regulation. As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

31. Denied.

32. Denied.

## COUNT I – FDCPA § 1692c(b)

33. Defendant incorporates and re-asserts its responses to paragraphs 1-32 as if fully re-stated herein.

34. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

35. Denied.

36. Denied.

## COUNT II – FCCPA Fla. Stat. § 559.72(5)

37. Defendant incorporates and re-asserts its responses to paragraphs 1-32 as if fully re-stated herein.

38. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found in the FDCPA and/or the FCCPA.

### DEMAND FOR A JURY TRIAL

Defendant demands a trial by jury of all issues so triable.

WHEREFORE, Defendant, respectfully requests this Court to DISMISS Plaintiff's claims with prejudice and for any such other relief as this court deems just and proper.

Respectfully submitted by:

/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
jproulx@gsgfirm.com
/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
dgolden@gsgfirm.com
GOLDEN SCAZ GAGAIN, PLLC
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by email on this 13th day of July, 2021 to all parties registered to receive electronic notice in this proceeding.

/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830